**Athel KIRKMAN, Appellant,**

v.

**William L. JONES, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

May 19, 1961.

Athel Kirkman, pro se.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Appellant is a prisoner in the state penitentiary at Eddyville. On March 7, 1961, he filed in the Lyon Circuit Court a complaint against the warden seeking a writ of habeas corpus. The facts disclosed on the face of the complaint are that he was committed on June 22, 1935, under a 21-year sentence, which was completed in June of 1956, and that he is now unlawfully detained under the same mittimus.

The response filed by the Commonwealth essentially admits that appellant's present detention is pursuant to the 1935 sentence and commitment, but shows affirmatively that appellant has been thrice paroled and thrice returned as a parole violator and has not served out his "back-up time."

KRS 439.350, effective May 18, 1956, provides in part as follows:

"(1) The total time served in the prison and on parole shall not exceed the period of the maximum sentence, except: * * * (b) If a parolee is determined by the board to have violated the provisions of his parole the period of parole shall not be counted as a part of the period of the maximum sentence, if the board so determines;" etc.

The answer reveals that appellant was paroled for the second time on July 18, 1951, and returned as a parole violator on November 27, 1957, and was last paroled on July 9, 1958, and returned on December 3, 1958. Crediting time off for good behavior, he had 5 years, 10 months and 21 days left to serve on his sentence when last paroled on July 9, 1958, unless some or all of his parole time is counted.

Prior to the enactment of KRS 439.350 the time of liberty on parole was not counted on the sentence. Com. v. Minor, 1922, 195 Ky. 103, 241 S.W. 856, 861. As it has been construed by the Division of Corrections KRS 439.350 applies only to discharge from parole, and does not mean that any part of a parole period can, after revocation of the parole, be credited against the sentence. If that was the legislative intent, the statute may require a clarifying amendment, for as we read KRS 439.350(1) (b) it admits of no reasonable inference but that the parole time does count unless the parole board determines otherwise.

It seems to us that on the return of a prisoner from parole at any time after May 18, 1956, the effective date of KRS 439.350, it was and is incumbent on the parole board to determine (a) whether the parolee has violated the conditions of his parole and, if so, (b) whether the period of parole shall be credited as part of the period of the maximum sentence.

The Attorney General contends, however, that parole time served prior to May, 18, 1956, is not affected by KRS 439.350 and should not be credited, and that time served by the appellant in a federal prison while technically on parole from the state penitentiary likewise should not be considered as creditable parole time. In our opinion, both of these arguments are well taken. Therefore, even though the record does not disclose what determinations, if any, were made by the parole board following appellant's recommitments

in 1957 and 1958, under any state of the facts he has not shown entitlement to release.

Habeas corpus proceedings are governed by §§ 399 to 429a–2 of the Criminal Code of Practice. The record in this case does not show that the writ was issued. If not, the omission may have been cured by the Commonwealth's response, but we call precautionary attention to the mandatory and penal features of these statutes.

Judgment affirmed.