## Commonwealth et al. v. Polsgrove, County Judge, et al.

(Decided November 29, 1929.)

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for petitioners.

GUY H. BRIGGS and JAS. P. HANRAHAN for respondents.

OPINION OF THE COURT BY JUDGE REES—Denying writ of prohibition.

Chester Bender was convicted at the December, 1925, term of the Jefferson circuit court of the crime of grand larceny, and sentenced to serve two years in the state penitentiary. He was received at the penitentiary on December 29, 1925, and was paroled on March 1, 1927, after completing 14 months and 3 days of his sentence, leaving suspended by parole 9 months and 27 days. At the June term, 1927, of the Jefferson circuit court, he was convicted of the crime of housebreaking, and sentenced to serve three years in the penitentiary. He was received at the penitentiary under this sentence on June 18, 1927, and served 28 months and 11 days. Allowing the deductions provided by the statute for good behavior, his time expired on October 29, 1929. Before he was released from the penitentiary, a warrant of arrest was issued by J. C. Bird, commissioner of public institutions, and approved by the Governor, demanding the sheriff of Franklin county to arrest Bender and to deliver him to the warden of the penitentiary. The warrant stated

that he was a paroled prisoner who had been convicted of the offense of grand larceny; that he was paroled in March, 1927, and had violated the terms of his parole. The warrant purports to have been issued by the authority of the state board of charities and corrections.

Bender made application to the judge of the Franklin county court to grant him a writ of habeas corpus, claiming that he was being unlawfully restrained of his liberties. The county judge indicated that, unless restrained, he would cause the prisoner to be released from custody. This proceeding was filed in this court in which a writ of prohibition is sought to prevent the county judge from taking further action in the habeas corpus proceeding.

It is the contention of counsel for Bender, who is one of the respondents here, that the parole was automatically canceled when he committed the second offense, and that, when he was confined in the penitentiary to serve the second sentence, he at the same time served the remainder of the first sentence. They rely upon Ex parte Casey, 160 Cal. 357, 116 P. 1104; Ex parte Lawson, 98 Tex. Cr. R. 544, 266 S. W. 1101; Dickerson v. Perkins, 182 Iowa, 871, 166 N. W. 293, 5 A. L. R. 374; Application of McDonald, 178 Wis. 167, 189 N. W. 1029; and People ex rel. Newton v. Twombly, 228 N. Y. 33, 126 N. E. 255.

In California a paroled convict is entitled to credit on a sentence for the time he is out on parole, and, if the time of the sentence has expired, the parole cannot be revoked. Under such a rule it necessarily follows that, where a defendant is convicted of a second offense and again incarcerated, the two sentences run concurrently. In Ex parte Lawson, the Criminal Court of Appeals of Texas merely held that the failure to embrace in a subsequent sentence an order making it cumulative with the previous sentence leaves the several sentences concurrent. This corresponds to our interpretation of section 288 of the Criminal Code, which authorizes the court, where the defendant has been convicted of more than one offense, to make the sentences cumulative. Dickerson v. Perkins is to the same effect.

At first blush the case of Application of McDonald seems to be more in point. It was there held that, where a defendant was imprisoned for a term of 12 years in 1908, released on parole in July, 1915, and in November, 1915, sentenced for a period of 12 years for another offense, the sentences ran concurrently. But it appears

from the opinion in that case that Wisconsin has adopted the same rule that California follows; that is, that the sentence runs while the prisoner is out on parole.

In People v. Twombly, a paroled prisoner was convicted of a second offense and sentenced to confinement in the penitentiary for a term of 4 years. After he had been in the penitentiary about 10 days under the second sentence, a warrant was issued for his arrest for breach of his parole. Subsequently he applied for a release in a habeas corpus proceeding on the ground that the sentences under the two convictions were to be served concurrently and not consecutively, and that both had therefore expired. The lower court sustained the writ, and ordered the prisoner's release, but the Court of Appeals of New York reversed the order and dismissed the writ on the ground that under the New York statute, which reads, ''Where a person, under sentence for a felony, afterward commits any other felony, and is thereof convicted and sentenced to another term of imprisonment, the latter term shall not begin until the expiration of all the terms of imprisonment, to which he is already sentenced,'' Penal Law, N. Y. (Consol. Laws, c. 40) sec. 2190, the declaration of delinquency, when followed by the return of the prisoner, postponed the execution of the second sentence until the first had been completed. In the course of the opinion it is stated that an administrative body, such as a parole board, has not the power to make the sentences cumulative, but that they were made cumulative by the express provision of the statute. If a parole is not automatically canceled by the commission of a second offense by the paroled prisoner, then the question as to whether or not the board of charities and corrections has the power to make the sentences cumulative is not here.

Counsel for respondents also rely on Commonwealth v. Minor, 195 Ky. 103, 241 S. W. 856, in which it was said that, when a paroled prisoner violates the terms and conditions of the parole granted him, the parole becomes void, and he remains a convict with an unexecuted sentence, and is in no better condition than a convict who has escaped from prison before the expiration of his sentence. However, the only question before the court in the Minor case was whether or not the sentence was suspended while the prisoner was on parole, and it was held that it was. The court clearly did not mean to hold that the parole became void when its terms were violated,

and that the paroled prisoner could be arrested and returned to the penitentiary to complete his sentence without any action on the part of the board of charities and corrections. Section 3828-1 et seq., Kentucky Statutes, make it discretionary with the board whether or not a parole shall be granted in the first instance or whether or not it shall be revoked after it has been granted. Until the board has exercised its discretion and actually revoked the parole, the sentence remains suspended.

A parole is not a right, but a privilege to be granted or withheld within the discretion of the board of charities and corrections. It suspends the execution of the penalty, and temporarily releases the convict from imprisonment on conditions which he is at liberty to accept or reject. As said in Huggins v. Caldwell, 223 Ky. 468, 3 S. W. (2d) 1101, a parole merely excuses a prisoner for a season from performing the judgment. He is still under the supervision of the board, and subject to be remanded to prison, if he fails to perform or violates the conditions of the parole. The Legislature clearly intended to vest the board of charities and corrections with discretion in granting and revoking paroles. Commonwealth v. Minor, supra; Neal v. Hines, 180 Ky. 714, 203 S. W. 518; Board of Prison Commissioners v. Crumbaugh, 161 Ky. 540, 170 S. W. 1187; Commonwealth v. Crumbaugh, 176 Ky. 720, 197 S. W. 401. The statute does not require the board to revoke a parole upon the commission of a second offense by the paroled prisoner, but it may do so in its discretion. The second offense may not involve moral turpitude, or the circumstances might be such that the board would deem it inadvisable to revoke the parole. On the other hand, the board is authorized to revoke a parole for conduct of the prisoner not amounting to a violation of the criminal laws.

A case exactly in point is Kirkpatrick v. Hollowell, 197 Iowa, 927, 196 N. W. 91, with supplemental opinion in 198 N. W. 81. In that case the appellee was convicted of a felony and sentenced October 16, 1916, under the indeterminate sentence statute for the maximum term of 5 years. He was paroled on Dec. 30, 1918. On July 7, 1919, while on parole, he was convicted of another crime, and sentenced under the indeterminate sentence statute for the maximum term of 5 years. His term of service under the second sentence expired December 7, 1922. After the expiration of the second sentence, the

board of parole revoked the parole that had been granted to him under the first sentence. An Iowa statute provides that "the time when a prisoner is upon parole or absent from the penitentiary shall not be held to apply upon his sentence if he shall violate the terms of his parole." Code Supp. Iowa 1913, sec. 5718a18. In holding that the two sentences did not run concurrently, and that the parole was not revoked until the board of parole acted, the Supreme Court of Iowa said:

> "The prisoner was 'upon parole' under his first sentence during the time he was serving the second sentence within the purview of this statute. His parole had not been revoked. He was not serving any imprisonment under his first sentence at the time he was being imprisoned under the second. The terms of imprisonment did not, and could not, run concurrently, because there was then no imprisonment under the first sentence. It was suspended and, in a sense, in abeyance while the second sentence was being served. The appellant was not entitled to be discharged from imprisonment under the sentence in Wapello county because of service of the term of imprisonment under the sentence in Linn county under these conditions. There was no concurrent imprisonment."

Kirkpatrick v. Hollowell has been followed in Humphrey v. Hollowell (Iowa) 199 N. W. 164; Pearson v. Hollowell (Iowa) 199 N. W. 165; Hodge v. Hollowell (Iowa) 199 N. W. 252; and Sutton v. Hollowell (Iowa) 199 N. W. 273.

In this case no one had the right to order the arrest of the respondent Bender for a violation of his parole except the board of charities and corrections, and its order must be approved by the Governor. Until such an order was issued and approved the parole did not stand revoked. It follows that Bender was not serving the remainder of his first sentence while he was serving the second sentence, and did not begin to serve it until his parole had been actually revoked by the board of charities and corrections.

It is also urged for the respondents that the warrant filed in the habeas corpus proceeding by the warden of the penitentiary as authority for the detention of respondent Bender is invalid, and fails to show that Ben-

der is lawfully imprisoned. Section 3828-6, Kentucky Statutes, reads in part:

"An order of the board of penitentiary commissioners signed by the chairman or acting chairman thereof, and countersigned by the governor, shall be sufficient warrant and authority to the warden, superintendent, or other officer in charge of any of the institutions referred to in this act to discharge from custody any paroled prisoner in such order named; and an order of said board so signed and countersigned shall be sufficient warrant and authority to all sheriffs, marshals, constables, policemen and other peace officers of this state, to arrest and deliver to the institution and the officer thereof named in said order, and to said officer of the institution, to receive and reimprison, the paroled person in the order named."

The state board of charities and corrections is the successor to all the rights and powers of the board of penitentiary commissioners. Section 216a1, Kentucky Statutes 1928 Supplement.

The order or warrant in this case is signed by "J. C. Bird, Commissioner of Public Institutions." J. C. Bird is neither the chairman nor acting chairman of the state board of charities and corrections, nor does section 216aa5 of the Statutes, which defines the powers and duties of the commissioner of public institutions, confer upon him any right to exercise the functions of the chairman of the board in the arrest or recommitment of paroled convicts. The statute contemplates action by the board when a parole is revoked, since it is vested with discretion to determine when the parole has been violated. The statute is mandatory, and, when the board has acted, its decision must be evidenced by the signature of the "chairman or acting chairman of the board," and must be approved by the Governor, and the order of the board, signed by its chairman or acting chairman, and approved by the Governor, is the only authority for the warden of the penitentiary to receive or reimprison a paroled prisoner.

It follows, therefore, that the warrant or order in this case fails to show that the respondent Bender is lawfully imprisoned, and the writ of prohibition must be denied.

Motion for writ denied.
Whole court sitting.