John A. GARLAND, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1998–CA–001653–MR.

Court of Appeals of Kentucky.

July 9, 1999.

Case Ordered Published by Court of Appeals Aug. 20, 1999.

Gene Lewter, Lexington, for Appellant.

A.B. Chandler, III, Attorney General, Dennis W. Shepherd, Assistant Attorney General, Frankfort, for Appellee.

Before: EMBERTON, GUIDUGLI, and SCHRODER, Judges.

## OPINION

SCHRODER, Judge.

This is an appeal from a ruling of the Fayette Circuit Court. Following a plea of guilty to several sex-related charges, the court found the appellant was an eligible sexual offender under KRS 197.410 and ordered him to complete the Sexual Offender Treatment Program, mandated by KRS 197.400, before he would be considered for parole pursuant to KRS 439.340(11). The appellant argues the trial court improperly enhanced his sentence pursuant to KRS 197.400, KRS 197.410, and KRS 439.340(11) and the statutes violate ex post facto laws when applied in this case. We disagree and affirm the decision of the trial court.

The facts of the case are as follows: The appellant was indicted by the Fayette County Grand Jury on September 3, 1997 on three separate felony counts, including one count of incest, one count of sodomy in the second degree, and one count of sexual abuse in the first degree. All of the charges involved the step-daughter of the appellant, and all of the charges related to events that occurred between 1980 and 1981. On May 1, 1998, the appellant entered a plea of guilty to three counts of sexual abuse in the first degree, counts one and two having been amended. At this time, the appellant acknowledged having committed sexual abuse against the victim and waived his constitutional rights in accordance with his guilty plea. The trial court found the waiver to be knowing and voluntary, and following consideration of the pre-sentence investigation report and a sexual offender evaluation, the appellant was sentenced on June 19, 1998. The appellant was sentenced to five years' imprisonment on count one of the indictment and two years on each of the remaining two counts. The trial court ordered the sentences to run concurrently for a total of five years to be served. The court also ordered the appellant to participate in the Sexual Offender Treatment Program as a condition of consideration for parole. On appeal, the appellant contends the order to participate in the Sexual Offender Treatment Program was an improper enhancement of his sentence, and the sexual offender treatment legislation has been applied retroactively in this case and, as such, is an impermissible ex post facto law.

■■■ The appellant first contends the trial court erred in applying KRS 197.400 and KRS 197.410(2)(a)(b) to him so that KRS 439.340(11) would operate to have him complete the Sexual Offender Treatment Program prior to being granted parole. KRS 197.400 mandates the specialized treatment program for sexual offenders. KRS 197.410(2)(a)(b), which the court adopted in determining that the appellant was an eligible sexual offender, states:

> (2) A sexual offender becomes an "eligible sexual offender" when the sentencing court or department officials, or both, determine that the offender:
>
> (a) Has demonstrated evidence of a mental, emotional, or behavioral disorder, but not active psychosis or mental retardation; and
>
> (b) Is likely to benefit from the program.

*Id.* Clearly, given the facts of the case and the circumstances surrounding the guilty plea by the appellant, the court acted well within its discretion in determining the appellant was an eligible sex offender, but the appellant opposes the condition that this status imposes on his eligibility for parole. As an eligible sex offender, the appellant is required to complete the Sex Offender Treatment Program before he can be granted parole. KRS 439.340(11). The appellant was sentenced to five years' imprisonment and would normally be eligible for parole after service of 20 percent, one year in this case, of the sentence. However, the Sex Offender Treatment Program is a three-year program; thus, the appellant will not actually be eligible for parole until he has served three years, or 60 percent, of the five-year sentence. The appellant argues this is an improper enhancement of his sentence. We disagree. The appellant misunderstands the nature of parole. The Supreme Court long ago established that parole is not a right but a privilege. *Commonwealth v. Polsgrove,* Ky., 231 Ky. 750, 22 S.W.2d 126, 128 (1929). Furthermore, "[g]rant of parole is not a right but is a matter of grace or gift to persons deemed eligible...." *Lynch v. Wingo,* Ky., 425 S.W.2d 573 (1968). Thus, the appellant still faces a maximum five-year sentence; no more and no less. When he becomes eligible for parole is largely irrelevant. Although the appellant complains he would be eligible for parole in just one year were it not for the treatment program, he fails to realize that he does not have to be granted parole at all. Finding that relevant criteria have been met does not require the parole board to release an inmate prior to the expiration of sentence; nothing in the parole statutes or regulations mandates the granting of parole or diminishes the discretionary nature of the Parole Board's authority. *Belcher v. Kentucky Parole Bd.,* Ky.App., 917 S.W.2d 584 (1996). Clearly, the appellant was ordered to serve five years, and the condition precedent to parole (attending the Sexual Offender Treatment Program) does not affect the underlying sentence and is proper. The sentence is not enhanced in any way, and the appellant's argument must fail.

■■■ Next, the appellant argues the statutes relating to the Sexual Offender Treatment Program have been applied retroactively to his case, creating an impermissible ex post facto law to punish him. It is true that KRS 197.400 et seq. went into effect on July 14, 1992, and the appellant was charged for criminal acts that occurred in 1980 or 1981, but the appellant has incorrectly characterized the statutes in question. Ex post facto laws are punitive in nature, and the statutes at issue here, as we have previously discussed, are not punitive; they simply impose a condition precedent on the parole of the appellant. An ex post facto law, in the form of a new statute, "makes more onerous the punishment for crimes committed before its enactment." *Lattimore v. Corrections Cabinet,* Ky.App., 790 S.W.2d 238, 239 (1990), *quoting Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 968, 67 L.Ed.2d 17 (1981). According to the Supreme Court

**490**

of the United States, two elements must be present for a law to be considered ex post facto: (1) "it must apply to events occurring before its enactment," and (2) "it must disadvantage the offender." *Weaver,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17. In the case at bar, the appellant was sentenced to five years and ordered to attend the Sexual Offender Treatment Program as a condition precedent to parole. While it is clear that the statutes at issue in this case are being applied to events occurring prior to their enactment, it is equally clear that the appellant has not been disadvantaged. Nothing about the Sexual Offender Treatment Program makes this punishment more onerous. He must serve a maximum of five years, and even though the treatment program may affect the time frame in which he becomes eligible for parole, the appellant will not be heard to say that he has been disadvantaged. As we have stated previously, the appellant does not have a right to parole, *Polsgrove,* 22 S.W.2d at 128, and the Parole Board can never be required to release the appellant before the completion of his maximum sentence. *Belcher,* 917 S.W.2d 584. Therefore, the statutes in question do not disadvantage the appellant, and we do not believe the statutes represent improper ex post facto laws.

Based on the foregoing reasons and the applicable law, the decision of the Fayette Circuit Court is affirmed.

ALL CONCUR.