**Jimmy Doolittle PURVIS, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 1998–SC–1118–MR.

Supreme Court of Kentucky.

March 23, 2000.

---

**2.** 405 KAR 8:001, § 1(132) (emphasis added).

**3.** KRS 350.135(1).

**4.** KRS 350.990(9) (emphasis added).

Mark A. Matics, Lexington, for appellant.

A.B. Chandler III, Attorney General of Kentucky, Anitria M. Franklin, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, for appellee.

LAMBERT, Chief Justice.

Appellant, Jimmy Doolittle Purvis, entered a guilty plea in Fayette Circuit Court to one count of first degree rape and two counts of second degree rape. He was

sentenced to fifteen years, ten years, and ten years, respectively, with the sentences to be served consecutively for a total of thirty-five years. Over the objection of defense counsel, the trial court also imposed an additional three years conditional discharge pursuant to KRS 532.043. Appellant appeals as a matter of right. Ky. Const. § 110(2)(b).

Appellant does not dispute his guilt of the underlying offenses. His sole claim of error is that the three years conditional discharge was improper because KRS 532.043 is an unconstitutional *ex post facto* law as applied in this case. KRS 532.043 provides for the possibility of an additional three years imprisonment after a convicted defendant has completed his sentence. This additional three years is discharged on the condition that the offender complete any sex offender treatment program required by the Department of Corrections.[1] The statute came into effect on July 15, 1998; the offenses to which Appellant pled guilty occurred prior to that date.

■ Both the United States Constitution and the Constitution of Kentucky prohibit *ex post facto* laws.[2] In *Calder v. Bull*,[3] Justice Chase defined an *ex post facto* law as follows:

1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action.2d. Every law that aggravates a crime, or makes it greater than it was, when committed.3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less or different testimony than the law required at the time of the commission of the offense, in order to convict the offender.[4]

The standard for determining whether a law violates the *ex post facto* prohibition is two-part. First, the law "must be retrospective, that is, it must apply to events occurring before its enactment"; second, the law "must disadvantage the offender affected by it."[5]

■ A law is retrospective if it "changes the legal consequences of acts completed before its effective date."[6] KRS 532.043 became effective on July 15, 1998. The crimes to which Appellant pled

---

1. Specifically, KRS 532.043 provides:
(1) In addition to the penalties authorized by law, any person convicted of, pleading guilty to, or entering an Alford plea to a felony offense under KRS Chapter 510, KRS 530.020, 530.064, or 531.310 shall be sentenced to a period of conditional discharge following release from:
(a) Incarceration upon expiration of sentence; or
(b) Completion of parole.
(2) The period of conditional discharge shall be three (3) years.
(3) During the period of conditional discharge, the defendant shall:
(a) Be subject to all orders specified by the Department of Corrections; and
(b) Comply with all education, treatment, testing, or combination thereof required by the Department of Corrections.
(4) Persons under conditional discharge pursuant to this section shall be subject to the supervision of the Division of Probation and Parole.
(5) If a person violates a provision specified in subsection (3) of this section, the violation shall be reported in writing to the Commonwealth's attorney in the county of conviction. The Commonwealth's attorney may petition the court to revoke the defendant's conditional discharge and reincarcerate the defendant for no longer than the time remaining on the conditional discharge.
(6) The provisions of this section shall apply only to persons convicted, pleading guilty, or entering an Alford plea after July 15, 1998.

2. U.S. Const. Art I, § 9, cl. 3 and § 10, cl. 1; Ky. Const. § 19.

3. 3 Dall. 386, 1 L.Ed. 648 (1798).

4. *Id.*

5. *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).

6. *Weaver* at 31, 101 S.Ct. 960.

guilty occurred prior to this date. The possibility of a post-release conditional discharge did not exist prior to the effective date of the law. Thus, the statute is retrospective as applied to the facts in this case.

 KRS 532.043 must also disadvantage Appellant in order for it to be declared an unconstitutional *ex post facto* law. The statute provides for the possibility of an additional three years imprisonment if Appellant violates the post-release terms imposed by the Department of Corrections, which include the completion of a sex offender program as ordered in the trial court's final judgment. Thus, Appellant is subject to the possibility of serving an additional three years imprisonment beyond the maximum sentence to which he was subject when the offenses were committed. This result disadvantages Appellant.

■ This case is distinguishable from *Garland v. Commonwealth*.[7] In *Garland*, the defendant was ordered to participate in a sexual offender treatment program as a condition of parole. The statutes authorizing such a condition were challenged as improper *ex post facto* laws.[8] The Court of Appeals held that although the laws were clearly retroactive, the defendant was not disadvantaged because the maximum length of his sentence was not affected.[9] Thus, there was no *ex post facto* violation. The case at bar differs from *Garland* in that it deals with a post-release condition rather than a condition of parole. Whereas parole "is not a right but a privilege," [10] absolute liberty upon expiration of a criminal sentence is a right that, if circumscribed, would be a certain disadvantage. In other words, KRS 532.043 disadvantages Appellant by extending the possible maximum length of the sentence by three years.

■ As both elements of the *ex post facto* law test are satisfied, KRS 532.043 is unconstitutional as applied to offenses committed before the effective date of the act.

For the forgoing reasons, the judgment of the Fayette Circuit Court is remanded for re-sentencing in conformity with this opinion.

COOPER, GRAVES, JOHNSTONE, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

---

**7.** Ky.App., 997 S.W.2d 487 (1999).

**8.** *Id.* at 488–489.

**9.** *Id.* at 490.

**10.** *Id.* at 489 (*citing Commonwealth v. Polsgrove*, Ky., 231 Ky. 750, 22 S.W.2d 126, 128 (1929)).