**Leroy PARKER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2009–CA–001701–MR.

Court of Appeals of Kentucky.

Feb. 4, 2011.

Leroy Parker, Pro Se, Bowling Green, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Courtney J. Hightower, Assistant Attorney General, Frankfort, KY, for appellee.

Before CLAYTON, NICKELL, and THOMPSON, Judges.

## OPINION

CLAYTON, Judge.

This is an appeal from a decision of the McCracken Circuit Court finding that the appellant, Leroy Parker, was not entitled to a reimbursement of restitution he paid in response to a restitution order which our Court directed the trial court to void.

## BACKGROUND INFORMATION

Parker pled guilty to one count of Burglary III, seven counts of Criminal Possession of a Forged Instrument II, and one count of being a Persistent Felony Offender II. The trial court entered its final judgment on August 10, 2000. On August 2, 2002, Parker was paroled and, as a condition of parole, he was ordered to pay restitution to his victim. On August 22, 2002, the court entered an order of restitution which ordered Parker to pay restitution to the victim. Parker paid restitution pursuant to the order, but on August 16, 2007, he filed a motion to vacate the void judgment pursuant to Kentucky Rules of Civil Procedure (CR) 60.02.

The trial court denied Parker's motion and he appealed the decision to this Court. In February of 2009, a panel of the Kentucky Court of Appeals entered an opinion reversing and remanding Parker's case to the trial court. The Court found that the trial court had tried to correct a judicial error and that the order was void. While the trial court thereafter granted Parker's motion pursuant to the appellate court's ruling, it did not order a recoupment of the restitution that Parker had already paid pursuant to the order. Parker now contends that he is entitled to recoupment of all payments he made under the restitution order.

## DISCUSSION

■ The Commonwealth contends that the trial court did not err in refusing to return Parker's payments since the restitution had been dispersed to deserving victims. It also argues that there was no directive from the Kentucky Court of Appeals that the trial court do so. The Court remanded the case because it held that the trial court had lost jurisdiction when it entered an order requiring Parker to pay restitution. The Commonwealth analogizes the reimbursement of monies to Parker to be the same as reimbursement to putative fathers when it is determined they are not the biological parent of a child for whom they have paid support.

Citing the cases of *Clay v. Clay*, 707 S.W.2d 352 (Ky.App.1986), and *Wheat v. Com. Cabinet for Health and Family Services, ex rel. C.P.*, 217 S.W.3d 266 (Ky.App. 2007), the Commonwealth argues that "[j]ust as in cases in which there has been an overpayment of child support, but the money was still used for support, it would not be equitable for the appellant to recoup the money that was properly repaid to the victims just because the restitution order was void." Appellee's Brief at p. 4.

■ We believe however, that the parole board had authority under Kentucky Revised Statutes (KRS) 532.032(4), to make restitution a condition of parole. While the trial court should have also required him to pay restitution to his victims, the trial court did not at the time of sentencing. When the court did enter an order requiring Parker to pay restitution, it did not have the jurisdiction to enter such an order. A parolee is required to pay restitution when ordered by the parole board even when a court entered an order requiring restitution is later void. Consequently, Parker is not entitled to reimbursement.

Thus, we affirm the decision of the trial court.

THOMPSON, Judge, concurs in result only.

NICKELL, Judge, concurs and files separate opinion.

NICKELL, Judge, Concurring.

Respectfully, I concur with the opinion of the majority. Parker executed a document, dated September 20, 2002, and titled "Conditions of Supervision," wherein, as conditions of the Parole Board placing him under the supervision of the Kentucky Division of Probation and Parole, he agreed, in pertinent part, to make restitution payments to the McCracken Circuit Court at the rate of $25 per month for a total of $1,238, and to have no contact with his victim or the victim's family. Parker's agreement to these conditions of parole and the Parole Board's order releasing him to such supervision upon those terms are separate and distinct from the trial court's belated August 22, 2002, order of restitution, which was subsequently held void by a previous panel of this Court. Parker has never challenged the validity of the Parole Board's order releasing him to parole supervision, nor the agreed terms and conditions upon which that order was based.

As noted in our Court's previous opinion entered February 20, 2009, Parker has long asserted "that he did not know of the restitution order until years after it was entered." *Parker v. Commonwealth*, 2009 WL 414050 (Ky.App.2009) (2008–CA–000072–MR). Thus, Parker's agreement to the condition of his payment of restitution to his victim clearly was not predicated upon the trial court's untimely entry of the order of restitution, later held void, but logically rested upon his admission of responsibility for the debt and his desire to

be placed on parole supervision. In signing the aforesaid document Parker acknowledged that, "I fully understand and accept the above conditions. . . ."

As stated by the majority, Kentucky law authorizes the Parole Board to make restitution a condition of parole supervision. *See* KRS 439.563; KRS 532.032(2) and (4). More particularly, making a convicted thief pay restitution does not violate any constitutional or statutory right. In Kentucky, parole is a "matter of legislative grace" to which the inmate has no entitlement. *Belcher v. Kentucky Parole Board*, 917 S.W.2d 584, 587 (Ky.App.1996). It is not a right but a privilege. *Commonwealth v. Polsgrove*, 231 Ky. 750, 22 S.W.2d 126, 128 (1929). Because Kentucky is not required to provide for parole, but does, it "may stipulate its terms and conditions." *Rose v. Haskins*, 18 Ohio Misc. 81, 388 F.2d 91, 93 (6th Cir.1968). Moreover, "because [there is] no protected liberty interest in parole [prisoners] cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.1997) (citations omitted); *see also Stewart v. Commonwealth*, 153 S.W.3d 789, 792 (Ky.2005) (citations omitted).

Based on the analysis contained in the majority opinion and the foregoing reasons, I agree that Parker is not entitled to reimbursement of restitution paid pursuant to the agreed terms and conditions of his release to parole supervision by the Parole Board, and concur that the decision of the trial court should be affirmed.