RENDERED:  DECEMBER 11, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1354-MR

KEVIN HENDERSON                                                       APPELLANT


v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 19-CI-00411


BRAD ADAMS                                                            APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

CALDWELL, JUDGE:  Kevin Henderson appeals from the Franklin Circuit

Court's order dismissing his petition for a writ of mandamus.  Having reviewed the

pleadings and the trial court's order, we affirm the Franklin Circuit Court.

## FACTS

Kevin Henderson (Henderson) was sentenced to life imprisonment

after being convicted of murder and robbery in Jefferson Circuit Court in 1998.

After filing multiple unsuccessful actions challenging his conviction and sentence over the years, in 2019, he filed a "Petition for a Writ of Prohibition and Mandamus."

Henderson requested the Franklin Circuit Court to compel the Kentucky Department of Corrections to amend his classification, arguing that applying current statutes and regulations in arriving at his classification was an *ex post facto* violation. He also alleged that the pre-parole progress report prepared and presented to the Kentucky Parole Board for its consideration contained falsities and asked the Franklin Circuit Court to order the Department to "remove" the alleged incorrect facts. The Department of Corrections, representing the respondent warden, filed a motion to dismiss.[1]

According to the pleadings he filed in the trial court, Henderson's institutional classification had been adjusted due to changes in the classification system implemented since his initial classification when he was first classified by the Department of Corrections in 1998. He also complains that there are inaccurate facts included in his pre-parole progress report. This is a document created for presentation to the Kentucky Parole Board to aid the Board in determining whether parole is appropriate for a particular inmate upon that inmate

---

[1] Warden Brad Adams is the warden at Northpoint Training Center, where Henderson was apparently housed at the time the pre-parole progress report was authored. Henderson is no longer incarcerated at Northpoint.

completing the commensurate portion of their sentence of imprisonment such as to become eligible for parole. The Department responded that an inmate is not entitled to a particular classification score and thus has no right to seek a writ to enforce the entry of such. Further, the pre-parole progress report was accurate as to the facts adduced at Henderson's trial, and his claim would be time-barred in any event, as the pre-parole progress report was prepared in 2009, some ten years prior to the filing of the petition for a writ.

For the following reasons, we affirm the Franklin Circuit Court's order dismissing the petition for a writ of mandamus.

## STANDARD OF REVIEW

An appellate court reviews the decisions of a trial court in granting or dismissing a petition for a writ for an abuse of discretion. "It bears repeating that the issuance of a writ is inherently discretionary. Even if the requirements are met and error found, the grant of a writ remains within the sole discretion of the Court." *Caldwell v. Chauvin*, 464 S.W.3d 139, 145-46 (Ky. 2015) (citing *Edwards v. Hickman*, 237 S.W.3d 183, 189 (Ky. 2007)).

## ANALYSIS

First, it must be understood that a writ is "extraordinary relief" which should be jealously provided and the granting of such is discouraged. *Buckley v. Wilson*, 177 S.W.3d 778 (Ky. 2005).

Because their implementation is a rarified remedy, the courts have made clear that special circumstances must exist for the proper issuance of a writ. A plaintiff must show that 1) he or she has a clear right to the relief sought; 2) the defendant has a clear duty to so act; and 3) no other adequate remedy is available. *See County of Harlan v. Appalachian Regional Healthcare, Inc.*, 85 S.W.3d 607, 613 (Ky. 2002). Thus, Henderson had to show that he had a right to the relief he was requesting, that the Department of Corrections had a duty to provide that relief, and that he had no other adequate remedy to obtain such relief. He fails on all three points as to both issues he raises.

Henderson petitioned the Franklin Circuit Court to order the Department of Corrections to cease the application of an updated classification scheme to him, arguing that doing so amounted to *ex post facto* application of a law passed after his conviction and was therefore unlawful. However, as the trial court pointed out, in order to fall under the *ex post facto* prohibition, the consequence of the application of a novel statute must be to change the definition of criminal conduct or to increase the penalty for such, neither of which occurred here.

> Both the United States Constitution and the Kentucky Constitution prohibit *ex post facto* laws. U.S. Const. art. I, § 10; Ky. Const. § 19(1). An *ex post facto* law is any law, which criminalizes an act that was innocent when done, aggravates or increases the punishment for a crime as compared to the punishment

-4-

when the crime was committed, or alters the rules of evidence to require less or different proof in order to convict than what was necessary when the crime was committed. *Purvis v. Commonwealth*, 14 S.W.3d 21, 23 (Ky. 2000) (citing *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798)). The key inquiry is whether a retrospective law is punitive. *Martin v. Chandler*, 122 S.W.3d 540, 547 (Ky. 2003) (citing *California Dept. of Corr. v. Morales*, 514 U.S. 499, 506 n. 3, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995)).

*Buck v. Commonwealth*, 308 S.W.3d 661, 664-65 (Ky. 2010).

We agree with the trial court. The change in the classification system did not criminalize previously innocent behavior, nor did it increase the punishment by lengthening the maximum available sentence for the crimes for which Henderson was convicted. Not every change in law or regulation which might be perceived by the inmate to be a negative will be of constitutional dimension, and this is not.

In addition, Henderson had no right to a particular classification and the Department had no duty to change his classification. Further, he could have sought a declaratory judgment; thus, he had other adequate remedies available to him. *See* KRS[2] 418.040; *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. App. 1997) ("A petition for declaratory judgment pursuant to KRS 418.040 has become the vehicle, whenever Habeas Corpus proceedings are inappropriate, whereby inmates

---

[2] Kentucky Revised Statutes.

-5-

may seek review of their disputes with the Corrections Department."). Therefore, the trial court properly denied relief as to the classification score.

Henderson also sought to have the Department of Corrections made to "correct" his pre-parole progress report compiled in 2009. Henderson was simply out of time to seek redress of any perceived wrong as to a document prepared in 2009. He had one year to lodge such complaint and waited more than ten years. As the trial court also recognized, Henderson will again have an opportunity to contest any information presented to the Parole Board when he comes before them again for a hearing in 2021.

Further, Henderson had no right to the remedy he sought. The Department had no duty to "correct" information in the report to reflect information not adduced at trial—Henderson's claim that his co-defendant had, years later, allegedly stated in a letter, not sworn testimony, that Henderson was not the one who fired the shot in the crime. Last, Henderson had an adequate remedy at law, as he could have filed a declaratory judgment action pertaining to this matter, and therefore was not entitled to the extraordinary remedy of a writ.

## CONCLUSION

For all of the foregoing reasons, we affirm the Franklin Circuit Court.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Kevin Henderson, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Allison R. Brown
Frankfort, Kentucky