RENDERED:  OCTOBER 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0432-MR

JOSHUA CREUTZ                                    APPELLANT

v.
             APPEAL FROM KENTON CIRCUIT COURT
HONORABLE MARY K. MOLLOY, JUDGE
ACTION NO. 06-CR-00004

COMMONWEALTH OF KENTUCKY                  APPELLEE

OPINION
REVERSING
AND REMANDING

** ** ** ** **

BEFORE:  COMBS, JONES, AND McNEILL, JUDGES.

COMBS, JUDGE:  On January 6, 2006, a Kenton County Grand Jury indicted the

Appellant, Joshua Creutz (Creutz), of sodomy in the first degree, a class A felony,

in violation of KRS[1] 510.070, occurring on or about October 28, 2005.  On

September 1, 2006, the Grand Jury indicted Creutz of Count 2, sodomy in the first

---

[1] Kentucky Revised Statutes.

degree, a class A felony, in violation of KRS 510.070, occurring between August 1, 2005, and October 28, 2005.

On March 19, 2007, Creutz entered a plea of guilty to the charge of sodomy in the first degree, a class A felony. Upon the Commonwealth's motion, the charge contained in count 2 of the indictment was dismissed.

On May 4, 2007, the Kenton Circuit Court entered final judgment. The court sentenced Creutz to a term of twenty (20) years and "**FURTHER ORDERED AND ADJUDGED** that, in addition to the foregoing sentence, pursuant to KRS 532.043, the Defendant is sentenced to a period of conditional discharge for five (5) years from and after expiration of his sentence or completion of parole." (Emphasis original.)

On June 29, 2022, Blake Taylor, Offender Information Services, Department of Corrections, filed a letter in Kenton Circuit Court dated June 23, 2022, as follows in relevant part:

> This correspondence is in reference to the Final Judgment Sentence of Imprisonment the Department of Corrections has received for Joshua Creutz in Kenton Circuit Court indictment number 06-CR-00004.
>
> Joshua Creutz stands convicted of Sodomy, 1st Degree -- victim LT 12 YOA which was committed 10/28/05.
>
> The court[']s order states that Joshua Cruetz [*sic*] is sentenced to a five (5) year period of conditional discharge which appears not to be in agreement with KRS 532.043 which requires a three (3) year period of

-2-

conditional discharge based upon the dates the offenses were committed.

> It was not the intent of the court to place this offender on a five (5) year period of conditional discharge, I respectfully request an amended order be forwarded to our office. If no amendment is received, he will remain on a five (5) year period of conditional discharge as ordered by the court.

A hand-written notation at the bottom of the letter signed by Honorable Mary K. Molloy, Judge, dated 7/13/22, states that "I defer to previous judge (Greg Bartlett) decision on this matter."

On December 27, 2022, Creutz, *pro se*, filed a motion to correct final judgment and sentence, stating in relevant part:

> 1. That the Movant is currently being housed at the Kentucky State Reformatory [KSR] . . . under the custody and care of the Kentucky Department of Corrections.
>
> 2. That the Movant stands convicted of Sodomy 1st Degree [*sic*] that was allegedly occurred on October 28, 2005.
>
> 3. That the charge that the Movant stands convicted of was alleged to have occurred prior to July 12, 2006.
>
> 4. That pursuant to 2000 Ky. HB 475 the Movant is only subject to a three year Conditional Discharge.
>
> 5. That the Movant has exhausted his Administrative Remedies when he filed a "17.4 Administrative Review Form."

6. That as a result of the "17.4 Administrative Review Form", Blake Taylor, Correctional Offender Information Supervisor, KSR sent a letter to this Honorable Court requesting the amendment of the Judgment of Conviction. **(SEE EXHIBIT 1)**

7. That since the date of June 23, 2022, the Judgment of Conviction in the above mentioned case has not been amended.

(Emphasis original.)

By Order entered March 10, 2023, the Kenton Circuit Court denied Creutz's motion as follows in relevant part:

> The relevant statute (KRS 532.043) prior to July 12, 2006, allowed for a conditional discharge of three (3) years but was changed on July 12, 2006, to allow for a conditional discharge of five (5) years. The acts for which the Defendant stands convicted occurred in 2005, while the Final Judgment and Sentence was not imposed until 2007, after the statute changed. Under these circumstances, the determination of the term of years for the conditional discharge was within the discretion of the Judge who imposed that sentence. This Court shall not disturb the prior Judge's decision to impose the longer period of conditional discharge.

Creutz, *pro se,* appeals and argues that the trial court abused its discretion in denying his motion. The Commonwealth responds that it is compelled to concede that Creutz is subject to the three-year period of post-incarceration, not five years.

As the Commonwealth explains, KRS 532.043 requires that any person convicted of an offense under KRS Chapter 510 -- which includes first-

-4-

degree sodomy -- is subject to a period of post-incarceration supervision.  The

Commonwealth also notes that the five-year period has only been in effect since

the statute was amended in 2006; that the statute previously required a three-year

period;[2] and that under Kentucky law, defendants are subject **to the law in effect**

**when the offense was committed**, citing *Sanderson v. Commonwealth*, 291

S.W.3d 610 (Ky. 2009).

In *Sanderson*, the appellant was convicted of two counts of second-

degree sodomy and three counts of first-degree sexual abuse and was sentenced to

five years of conditional discharge.  Our Supreme Court held that:

> [T]he version of KRS 532.043 in effect at the time these
> offenses were allegedly committed (prior to July 2006)
> only allowed for a conditional discharge of three years.
> The situation here is on point with *Purvis v.
> Commonwealth*, 14 S.W.3d 21 (Ky. 2000), where a prior
> amendment of KRS 532.043 increased the maximum
> length of conditional discharge.  In *Purvis*, this Court

---

[2] The version of KRS 532.043 which was effective *to July 11, 2006*, provided as follows in relevant part:

> (1) In addition to the penalties authorized by law, any person
> convicted of, pleading guilty to, or entering an [*North Carolina
> v. Alford*, 400 U.S. 25, 901 S. Ct. 160, 27 L. Ed. 2d 162
> (1970),] plea to a felony offense under KRS Chapter 510 . . .
> shall be subject to a period of conditional discharge following
> release from:
>
> > (a) Incarceration upon expiration of sentence; or
> >
> > (b) Completion of parole.
>
> (2) The period of conditional discharge shall be three (3) years.

held that the amendment disadvantaged the Appellant in that case and that its retroactive application was an *ex post facto* law and, thus unconstitutional. *Id.* at 24. The situation here is identical. **Therefore, Appellant's sentence to conditional discharge could not exceed three years, the statutory maximum at the time the alleged offenses took place**.

*Sanderson*, 291 S.W.3d at 615 (Ky. 2009)(emphasis added). Accordingly, we conclude that the trial court abused its discretion in denying Creutz's motion.

We reverse the Order of the Kenton Circuit Court denying Creutz's motion to correct final judgment and sentence and remand this case for entry of an amended judgment imposing a conditional discharge of three years.

ALL CONCUR.

BRIEF FOR APPELLANT:

Joshua Creutz, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky