Danny SIMMONS, Appellant,

v.

COMMONWEALTH of Kentucky; and Kentucky Parole Board, Appellee.

No. 2004–CA–002527–MR.

Court of Appeals of Kentucky.

Aug. 17, 2007.

Fred G. Greene, Russellville, KY, for Appellant.

Laurie K. Dudgeon, Justice and Public Safety Cabinet, Frankfort, KY, for Appellee.

Before COMBS, Chief Judge; MOORE and NICKELL, Judges.

## OPINION

NICKELL, Judge.

Danny Simmons appeals from an order of the Franklin Circuit Court entered on July 9, 2004, dismissing his petition for declaration of rights and permanent injunctive relief, and granting summary judgment to the Kentucky Parole Board. Having concluded that summary judgment was appropriate, we affirm.

Simmons was indicted in the Warren Circuit Court on two counts of murder [1] arising from the June 18, 1983, death of his wife and her boyfriend. Pursuant to a plea agreement with the Commonwealth, Simmons entered a guilty plea to the two counts of murder and received two life sentences on July 28, 1983. Said life sentences were to run concurrently with Simmons remaining parole eligible. On June 18, 1991, pursuant to the mandated parole eligibility process,[2] Simmons appeared before the Parole Board, which deferred him for 144 months, citing eight reasons for its decision, including: (1) the seriousness of the crimes; (2) two lives were taken; (3) the violence involved in the crime; (4)

---

1. Kentucky Revised Statutes (KRS) 507.020.

2. 501 Kentucky Administrative Regulations (KAR) 1:011 (as it existed at the time of Simmons's crimes in 1983) mandated an initial parole review after eight years.

Simmons's misdemeanor record; (5) Simmons's two prior felony convictions; (6) a history of substance abuse; (7) one prior incarceration; and (8) the involvement of a firearm. Simmons next appeared before the Parole Board on June 20, 2003, at which time he was again denied parole and ordered to serve out his life sentence. In support of its denial of parole, the board cited the seriousness of the crime, the violence involved, the taking of two lives, and the involvement of a firearm.

On June 7, 2004, Simmons filed a petition for declaration of rights and permanent injunctive relief against the Parole Board in the Franklin Circuit Court. Simmons claimed that the Parole Board's issuance of the June 20, 2003, serve-out order violated the administrative regulation in effect at the time the murders were committed in 1983. The Parole Board filed a motion for dismissal and summary judgment on June 25, 2004, arguing the 1983 administrative regulation authorized its issuance of a serve-out order and the subsequent amendment of the regulation merely clarified the version in effect in 1983. The trial court agreed with the Commonwealth and entered an order on November 9, 2004, granting summary judgment to the Parole Board and dismissing Simmons's petition. This appeal followed.

■ Before considering the merits of Simmons's appeal, we must address a procedural issue. The Parole Board has argued Simmons's brief should be stricken for failure to comply with Kentucky Rules of Civil Procedure (CR) 76.12(4)(c)(v) which requires reference in the brief to points in the record where the claimed error was preserved.[3] While Simmons's

brief did not fully comply with the rule, dismissal for failure to comply with the provisions of CR 76.12 is discretionary rather than mandatory. *See Baker v. Campbell County Board of Education,* 180 S.W.3d 479 (Ky.App.2005); *Cornette v. Holiday Inn Express,* 32 S.W.3d 106 (Ky. App.2000). Though Simmons did not vigorously oppose the Parole Board's argument to strike his brief, set forth in its motion to dismiss, we do not believe striking his brief for a technical violation of CR 76.12 is warranted in this instance, particularly given the sparse record involved herein. Simmons's first two arguments on appeal were contained within the pages of his petition to the Franklin Circuit Court and we will address those issues. However, Simmons failed to preserve his remaining arguments on appeal and we will not consider them. *Grundy v. Commonwealth,* 25 S.W.3d 76, 84 (Ky.2000) (quoting *McDonald v. Commonwealth,* 554 S.W.2d 84 (Ky.1977); *Kennedy v. Commonwealth,* 544 S.W.2d 219 (Ky.1977)) (stating that "[t]his Court simply does not review alleged procedural errors when the appellant did not present the issue before the trial court, and we will not allow appellants, under the guise of 'developing' an argument raised in the trial court, 'to feed one can of worms to the trial judge and another to the appellate court' ").

Our review of Simmons's two preserved arguments on appeal requires that we determine whether the trial court erred in granting summary judgment in favor of the Parole Board. Our standard of review is whether the circuit court correctly found there were no issues of material fact and the moving party was entitled to judgment

---

**3.** CR 76.12(4)(c)(v) provides that an appellant's brief shall contain "[a]n 'ARGUMENT' conforming to the Statement of Points and Authorities, with ample supportive references to the record and citations of authority perti-

nent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review, and, if so, in what manner."

as a matter of law. Summary judgment is only appropriate where the moving party shows the adverse party could not prevail under any circumstances. *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476 (Ky.1991). Thus, the function of summary judgment is to terminate litigation when it would be impossible for the opposing party to produce evidence at trial warranting judgment in his favor. *Id.*

■ Simmons first argues that the Parole Board's action in ordering him to serve out his sentence based on the 2003 version of the administrative regulation constituted a violation of the *ex post facto* law. He states that the Parole Board should have followed only the version of the regulation in effect at the time the crimes were committed in 1983. The 1983 version of 501 KAR 1:011(2), stated as follows:

> After the initial review for parole, subsequent reviews, so long as confinement continues, shall be at the discretion of the board; except that the maximum deferment given at any one time shall be eight (8) years.

That version of the regulation has since been repealed and replaced by the current version, 501 KAR 1:030(3)(f), which now states:

> After the initial review for parole, a subsequent review, during confinement, shall be at the discretion of the board; except the maximum deferment given at one (1) time shall not exceed the statutory minimum parole eligibility for a life sentence. The board shall reserve the right to order a serve-out on a sentence.

The Parole Board utilized the current version of the statute in ordering Simmons to serve out his sentence.

In *Stewart v. Commonwealth,* 153 S.W.3d 789, 793 (Ky.2005), our Supreme Court analyzed the *ex post facto* clause as follows:

> It is well recognized that one of the functions of the *Ex Post Facto* Clause is to prevent a retroactive increase in punishment for a crime after its commission. Retroactive changes in laws relating to parole, in some instances, may be a violation. *See Garner v. Jones,* 529 U.S. 244, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000). However, in this situation, the decision to grant or deny parole is entirely discretionary with the Board. *Belcher [v. Kentucky Parole Board,* 917 S.W.2d 584 (Ky.App.1996) ]. Parole is a privilege and its denial has no constitutional implication. *Morris v. Wingo,* 428 S.W.2d 765 (Ky.1968)....

> In order to ascertain whether an *ex post facto* violation has occurred, the court must first determine whether a change in law or regulation creates a significant risk of increased punishment for the inmate. *California Dept. of Corrections v. Morales,* 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). "When the rule does not by its own terms show a significant risk, the respondent must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising its discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." *See Garner,* 529 U.S. at 255, 120 S.Ct. 1362, 146 L.Ed.2d 236.

■ None of the elements listed above are present in the case before us. There has been no enhancement of punishment or elongation of Simmons's sentence by the application of 501 KAR 1:030. Therefore, the retroactive application of this revised regulation does not create an unconstitutional *ex post facto* violation. Simmons's sentence has remained at a fixed term and parole eligibility is of no

consequence. Again, parole is a privilege and not a right. It is considered on a case-by-case basis. *Stewart,* 153 S.W.3d at 793. The imposition of a serve-out is not punishment. It is merely a ruling by the Parole Board which is within its sound discretion. Requiring Simmons to serve out his life sentence does not make his punishment more onerous for crimes committed before the revised regulation was issued. The Parole Board's action was not arbitrary or capricious. Thus, there has been no violation of either the federal or state constitutions in any respect in this matter.

Simmons's second contention is that by issuing the serve-out order, the Parole Board, as an administrative body of the executive branch of government, erroneously exercised power belonging to the legislative and judicial branches of government and thereby exceeded its authority under KRS 13A.130.[4] In *Prater v. Commonwealth,* 82 S.W.3d 898, 901 (Ky.2002), our Supreme Court set out the following analysis regarding the separation of powers doctrine:

> Sections 27 and 28 of the Kentucky Constitution explicitly require separation of powers between the branches of government:
>
>> The powers of the government of the Commonwealth of Kentucky shall be divided into three distinct departments, and each of them are to be confined to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another [footnote omitted].
>
>> No person or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted [footnote omitted].

It is well-recognized in Kentucky that the power to grant parole is purely an executive function. *Commonwealth v. Cornelius,* 606 S.W.2d 172 (Ky.App.1980). *See also Peck v. Conder,* 540 S.W.2d 10, 12 (Ky.1976); *Murphy v. Cranfill,* 416 S.W.2d 363, 365 (Ky.1967); and *Morris v. Commonwealth,* 268 S.W.2d 427, 428 (Ky.1954). Thus, as we have previously held, the Parole Board was within the bounds of its discretionary powers in denying parole to Simmons's and ordering him to serve out the remainder of his sentence. We cannot say the Parole Board exceeded its authority. Further, we cannot hold the Parole Board invaded the functions reserved for the judicial or legislative branches of government.

Because we have concluded Simmons could not prevail on either issue, the trial court's issuance of a summary judgment in favor of the Parole Board was proper. Accordingly, the judgment of the Franklin Circuit Court is affirmed.

ALL CONCUR.

---

4. KRS 13A.130 states, in pertinent part, as follows:

(1) An administrative body shall not by internal policy, memorandum, or other form of action:

(a) Modify a statute or administrative regulation;

(b) Expand upon or limit a statute or administrative regulation; and

(c) Except as authorized by the Constitution of the United States, the Constitution of Kentucky or a statute, expand or limit a right guaranteed by the Constitution of the United States, the Constitution of Kentucky, a statute, or an administrative regulation.