NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0425n.06

No. 11-5743

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 17, 2012*

LEONARD GREEN, Clerk

PAUL KORDENBROCK,                           )
                                            )
    Plaintiff-Appellant,                )
                                            )        ON APPEAL FROM THE UNITED
v.                                          )        STATES DISTRICT COURT FOR
                                            )        THE WESTERN DISTRICT OF
J. MICHAEL BROWN, Justice Cabinet           )        KENTUCKY
Secretary, et al.,                          )
                                            )
    Defendants-Appellees.               )

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Paul Kordenbrock, a Kentucky prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his civil rights action filed under 42 U.S.C. § 1983.

Kordenbrock has been serving three concurrent life sentences for capital murder, a twenty-year sentence for attempted murder, and a twenty-year sentence for robbery. Since Kordenbrock's imprisonment in 1981, the Kentucky Parole Board had twice deferred consideration of Kordenbrock's parole for a period of 144 months. In January 2004, Kordenbrock again appeared before the Parole Board. The Board denied Kordenbrock parole and ordered him to serve out the remainder of his life sentence. The "serve-out" order renders Kordenbrock ineligible for future parole consideration.

In January 2011, Kordenbrock filed the instant complaint alleging that the Parole Board's serve-out order denied him the "right to parole consideration under the laws in place at the time of the commission of his offense." He also contended that this complete denial of parole consideration

violated his due process rights and the right to be free from ex post facto laws, double jeopardy, and cruel and unusual punishment.  Finally, Kordenbrock asserted several violations of Kentucky law.

Pursuant to 28 U.S.C. § 1915A, the district court screened Kordenbrock's complaint, concluded that the pleading failed to state a federal constitutional claim, declined to exercise supplemental jurisdiction over Kordenbrock's state law claims, and dismissed the action. Kordenbrock then filed his timely appeal.

We review de novo the district court's decision to dismiss Kordenbrock's complaint under § 1915A.  *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008).  "The Prison Litigation Reform Act (PLRA) requires district courts to screen and dismiss complaints that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief."  *Id.* at 572 (citing 28 U.S.C. § 1915A(b)).  Like the district court, we must construe Kordenbrock's "complaint in the light most favorable to" him and "accept all well-pleaded factual allegations as true."  *Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011) (internal quotation marks and citation omitted).  Factual allegations need not be set forth in great detail, but they must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Most of Kordenbrock's brief is devoted to arguments that are irrelevant to the district court's decision.  Therefore, we will not consider these arguments on appeal.  *See Sutton v. St. Jude Med. S.C., Inc.*, 419 F.3d 568, 575 (6th Cir. 2005).  Regarding Kordenbrock's relevant arguments, he asserts that: 1) the district court should have conducted an evidentiary hearing; 2) the serve-out order is an ex post facto law that increased his punishment from a "life sentence" to a "sentence of life without the benefit of parole"; and 3) he had a due process right to parole consideration every six years.

The district court was well within its authority to screen and dismiss Kordenbrock's complaint without an evidentiary hearing. 28 U.S.C. § 1915A(b); *see Grinter*, 532 F.3d at 572. Kordenbrock's ex post facto claim is also devoid of merit. In Kentucky, the "[g]ranting of parole is not a right but a matter of grace or gift to persons deemed eligible." *Stewart v. Commonwealth*, 153 S.W.3d 789, 793 (Ky. 2005). Because Kordenbrock had no expectation of parole and because the Parole Board could have ordered him to serve out his sentence under the law in place at the time he committed his crimes, Kordenbrock did not state an ex post facto claim. *See Simmons v. Commonwealth,* 232 S.W.3d. 531, 534-35 (Ky. App. 2007).

To have a constitutionally-protected interest in parole, a prisoner must have a "legitimate claim of entitlement to it." *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991) (internal quotation marks and citation omitted). Such entitlement can only be created by state law, which Kentucky has not done. *See Stewart*, 153 S.W.3d at 792; *Belcher v. Ky. Parole Bd.*, 917 S.W.2d 584, 587 (Ky. Ct. App. 1996). Because Kordenbrock does not have a constitutionally protected interest in parole, he does not have a constitutional right to consideration for parole. *See Inmates of Orient Corr. Inst.*, 929 F.2d at 235.

Furthermore, Kordenbrock has not established a violation under either the Double Jeopardy Clause or the Eighth Amendment. Parole determinations do not constitute criminal punishment so as to violate the Double Jeopardy Clause. *See United States v. Miller,* 797 F.2d 336, 340 (6th Cir. 1986). Kentucky law provides for a life sentence for the crime of murder. *See* Ky. Rev. Stat. Ann. § 532.060. Kordenbrock's sentence is within the statutory maximum. A sentence "set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995). Thus, Kordenbrock has not established an Eighth Amendment violation.

The district court's judgment is affirmed.