RENDERED: APRIL 22, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1495-MR

LANCE CONN; MARK DEWITT;
KELVIN ROBERSON; AND RALPH
SHOLLER                                                                    APPELLANTS

APPEAL FROM FRANKLIN CIRCUIT COURT
v.        HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 13-CI-01118

KENTUCKY PAROLE BOARD                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND LAMBERT, JUDGES.

CETRULO, JUDGE: Four current Kentucky state inmates appeal the Franklin

Circuit Court's order denying their motion for summary judgment that challenged

the Kentucky Parole Board's authority to issue a serve-out on a life sentence.

After careful review of the record, we affirm the Franklin Circuit Court.

## PRELIMINARY MATTERS

First, the Commonwealth filed a Motion for Leave to File an Amicus Brief. In a separate order, this motion is granted.

Second, the Appellants filed a Motion to Strike the Amicus Brief of the Commonwealth of Kentucky for failure to comply with CR[1] 76.12. In a separate order, this motion is denied.

## FACTS AND PROCEDURAL BACKGROUND

Kentucky state inmates Lance Conn, Mark Dewitt, Kelvin Roberson, and Ralph Sholler (the "Appellants") were given a life sentence, but were *not* found guilty of a charge that would qualify them for a sentence of life without parole ("LWOP"). All four Appellants were given a serve-out[2] on their life sentences by the Kentucky Parole Board (the "Board").

The Appellants' brief describes the Appellants[3] as such: "Mr. Conn was an accomplice to a murder and robbery, who was served[-]out after the Board mistakenly believed he had a prior felony when he did not. Mr. Sholler and Mr.

---

[1] Kentucky Rule of Civil Procedure.

[2] 501 Kentucky Administrative Regulation (KAR) 1:030, Section 1(10) defines a "serve-out" as "a decision of the board that an inmate shall serve until the completion of his sentence."

[3] Appellants' brief states that in lieu of certifying a class action, the parties agreed to an order, which states in relevant part, "the parties agree that any relief granted will be afforded to all offenders who have been served[-]out on a life sentence."

Roberson were served[-]out on life sentences imposed for non-homicide offenses. Mr. Dewitt was convicted of a single count of murder in 1980 and a low-risk inmate who had been successfully classified down to a community custody level when he was served[-]out on his life sentence." The record[4] provides further conviction and parole information.

> Ralph Sholler #124166 is an inmate at the Kentucky State Reformatory. In 1996 he was convicted of Robbery in the First Degree, Burglary in the First Degree, Rape in the First Degree, Sodomy in the First Degree, and being a Persistent Felony Offender, and sentenced to life imprisonment. He was originally considered by the Parole Board on October 8, 2007 and given a serve out.
>
> . . . .
>
> Kelvin Roberson #080523 is an inmate at the Kentucky State Penitentiary who has been serving a life sentence for Rape and other offenses since 1984. He was first seen by the Board for this offense in 1992, and given a 12 year deferment.[5] He was again seen in 2004, and given a 10 year deferment. Then, on June 23, 2014, Mr. Roberson was again seen by the Board and given a serve out on his life sentence. His request for reconsideration was denied on August 13, 2014.
>
> Lance Conn #122297 is an inmate at Little Sandy Correctional Complex, who has been serving a life sentence for murder and robbery since 1996. He has never been paroled, and was given a 96 month deferment

---

[4] New First Amended Complaint Seeking Declaratory and Injunctive Relief at 9-11, No. 13-CI-01118, Franklin Circuit Court, filed January 20, 2015.

[5] 501 KAR 1:030, Section 1(2) defines a deferment as "a decision by the [B]oard that an inmate shall serve a specific number of months before further parole consideration."

in 2006. On June 23, 2014 he was again considered for parole. Despite being considered "Low Risk" . . . he was given a serve out on his life sentence.

Mark DeWitt #084100 is an inmate at the Kentucky State Reformatory, who has been serving a life sentence for murder and wanton endangerment since 1980. He has never been paroled, and instead been given deferments of 48, 48, 144 and 96 months. At a time when such programs were authorized, he successfully completed furloughs and time in a halfway house, but was never released from custody. He has completed numerous programs at the institution, and has one write[-]up – for smoking – in the last 10 years. He was considered for parole on June 23, 2014. Despite scoring "Low Risk" . . . and otherwise being an evidently strong candidate for parole, he was given a serve out on his life sentence.

This action originally began in 2013 in Franklin Circuit Court when 19 inmate Plaintiffs alleged that the Board was not complying with the Public Safety and Offender Accountability Act,[6] commonly referred to as House Bill 463 ("HB 463"). The matter and the parties have evolved over the years, but as related to this appeal, in June 2019 the Appellants filed a motion for summary judgment challenging the Board's authority to order a serve-out for those serving a life sentence. Appellants requested reinstatement of their parole eligibility. In October 2020, the circuit court denied the motion. The circuit court stated that the Board *does* have authority to grant a serve-out on a life sentence. This appeal resulted.

---

[6] 2011 Ky. Laws ch. 2 (HB 463) (eff. Mar. 3, 2011).

# STANDARD OF REVIEW

Summary judgment is only appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. CR 56.03. In general, denial of a motion for summary judgment is not appealable because of its interlocutory nature, but the case *sub judice* falls under an established exception. *Abbott v. Chesley*, 413 S.W.3d 589, 602 (Ky. 2013) (citation omitted). "[A]ppellate review [of a denial of a summary judgment motion] is proper if (1) the facts are not in dispute, (2) the only basis of the ruling is a matter of law, (3) there is a denial of the motion, and (4) there is an entry of a final judgment with an appeal therefrom." *Id.* (internal quotation marks and citations omitted). Our review of the record establishes that these elements have been met, and the only matter on appeal is whether the circuit court correctly found that the Board did not exceed its authority by authorizing serve-outs on the Appellants. As this issue is purely a matter of law, we review *de novo. 3D Enterprises Contracting Corp. v. Louisville & Jefferson County Metro. Sewer Dist.*, 174 S.W.3d 440, 445 (Ky. 2005) (citation omitted). As such, we afford no deference to the trial court's application of the law. *Brady v. Commonwealth*, 396 S.W.3d 315, 317 (Ky. App. 2013) (citation omitted).

## ANALYSIS

Appellants aptly point out that the Legislature sets the state's sentencing guidelines. "Determining what should be a crime and setting punishments for such crimes is a legislative function." *Phon v. Commonwealth*, 545 S.W.3d 284, 303 (Ky. 2018). After the Legislature set those parameters, then the Judiciary determines guilt and selects or implements a sentence within that legislative range. *Id*. (citing *Jones v. Commonwealth*, 319 S.W.3d 295, 299 (Ky. 2010)). Any "sentence imposed beyond the limitations of the [L]egislature as statutorily imposed is unlawful and void." *Id.* at 304. We agree with the Appellants that the Executive Branch (here, the Board) has no independent authority to determine sentencing guidelines. The Board can only "set[] the conditions of release, as well as the terms of supervision, *after* a prisoner has been sentenced by the court and has begun serving his or her sentence." *Jones*, 319 S.W.3d at 298. *See also* KRS[7] 439.340. Appellants argue that by giving a serve-out, the Board is essentially changing a life sentence to a LWOP sentence, which (1) exceeds the power given to them by statute and (2) violates the separation of powers doctrine.

---

[7] Kentucky Revised Statute.

-6-

## A. Statutory Authority

Appellants argue that the Legislature never authorized LWOP for offenses lacking an aggravating factor. KRS 532.025(3) provides that the jury must designate in writing the aggravating circumstance or circumstances for sentences recommending death, LWOP, and life without probation or parole for 25 years. Here, the Appellants' sentences include no such aggravating factor. But, the Legislature *did* grant the Board broad discretion in its duties. KRS 439.340. Included in that discretion is the authorization to grant a deferment, or conversely, a serve-out.

> (14) If the parole board does not grant parole to a prisoner, the maximum deferment for a prisoner convicted of a non-violent, non-sexual Class C or Class D felony shall be twenty-four (24) months. For all other prisoners who are eligible for parole:
>
> (a) No parole deferment greater than five (5) years shall be ordered unless approved by a majority vote of the full board; and
>
> (b) No deferment shall exceed ten (10) years, **except for life sentences**.

KRS 439.340(14) (emphasis added).

The Kentucky Supreme Court has long held that the "fundamental rule of statutory construction is to determine the intent of the [L]egislature[.]" *Beach v. Commonwealth*, 927 S.W.2d 826, 828 (Ky. 1996).

> In interpreting a statute, we have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion. As such, we must look first to the plain language of a statute and, if the language is clear, our inquiry ends. We hold fast to the rule of construction that the plain meaning of the statutory language is presumed to be what the [L]egislature intended, and if the meaning is plain, then the court cannot base its interpretation on any other method or source. In other words, we assume that the Legislature meant exactly what it said, and said exactly what it meant.

*Jones v. Commonwealth*, 636 S.W.3d 503, 505-06 (Ky. 2021) (citation omitted).

Looking at the language of the statute, we are bound by its plain meaning: "No deferment shall exceed ten (10) years, **except for life sentences**." KRS 439.340(14)(b) (emphasis added). Thus, for life sentences, the statute *does* allow for deferments longer than 10 years. We cannot infer language *not present* in the statute; the statute does not require a deferment be granted for life sentences. As is often repeated in these matters, parole is not a right but a privilege. *Stewart v. Commonwealth*, 153 S.W.3d 789, 793 (Ky. 2005) (citing *Commonwealth v. Polsgrove*, 231 Ky. 750, 754, 22 S.W.2d 126, 128 (1929)). Consequently, the Legislature has not prohibited the Board from authorizing a serve-out for life sentences.

## B. Separation of Powers

Appellants argue that Kentucky is a strict adherent to the separation of powers doctrine. *Diemer v. Commonwealth*, 786 S.W.2d 861, 864 (Ky. 1990). To

-8-

this, we agree. Appellants also contend that by granting a serve-out, the Board is imposing on those powers granted to the Judiciary. To this, we do not agree.

Appellants point to a United States Supreme Court case that clarifies that a sentence of life is constitutionally and legally distinct from LWOP, citing *Graham v. Florida*, 560 U.S. 48, 69-70, 130 S. Ct. 2011, 2027-28, 176 L. Ed. 2d 825 (2010). Appellants discuss *McClanahan v. Commonwealth*, 308 S.W.3d 694 (Ky. 2010), to support their proposition that by granting a serve-out the Board is encroaching on legislative powers. (In *McClanahan*, the Appellant inmate entered into a plea agreement that delivered a sentence beyond the maximum legal punishment allowable under the circumstances of the case. The Kentucky Supreme Court found that "[a] sentence that lies outside the statutory limits is an illegal sentence, and the imposition of an illegal sentence is inherently an abuse of discretion." *Id.* at 701. Accordingly, the Court reversed and remanded finding that the plea agreement should have been rejected. *Id.* at 704.) Appellants argue that the *McClanahan* Court limited the power of the Board and "made it clear that where a court attempts to impose a sentence outside the statutory range, that sentence is void, regardless of circumstance[,]" citing to *McClanahan*, 308 S.W.3d at 701. But, *McClanahan* is distinguishable from the case *sub judice* because it dealt with a sentence at the judicial level (*i.e.*, sentence imposed by a jury, judge, or plea deal) that exceeded the *clear guidelines* established by the statute. Here,

-9-

there is no violation of statute and we are not willing to take the leap to imply one exists from the current language of KRS 439.340.

Our conclusion is supported by *Simmons v. Commonwealth*, 232 S.W.3d 531 (Ky. App. 2007), current Kentucky precedent. This Court in *Simmons* stated "[i]t is well-recognized in Kentucky that the power to grant parole is purely an executive function." *Id.* at 535 (citation omitted). Further, the Court held that ordering a serve-out was within the Board's discretionary powers and by doing so the Board does not "invade[] the functions reserved for the judicial or legislative branches of government." *Id.*

However, we are cognizant of the evolution of this conversation since our opinion in *Simmons* in 2007. In 2011, with the adoption of HB 463, the Kentucky General Assembly adopted several new statutes with the goal of "[f]ocusing on rehabilitation rather than incarceration[.]" *Helms v. Commonwealth*, 475 S.W.3d 637, 641 (Ky. App. 2015). HB 463 established that the primary objective of sentencing is to maintain public safety and hold offenders accountable while reducing recidivism and criminal behavior and improving outcomes for those offenders who are sentenced. KRS 532.007. Additionally, the Board itself has muddied the waters by shifting policy[8] more than once since

[8] In May 2021, the Board issued a policy change, stating that serve-outs will not be authorized on an inmate's first appearance before the Board. VICTOR PUENTE, *Policy Change Could Allow Some Convicted Murderers In Ky. To Get New Chance At Parole*, WKYT (May 18, 2021),

-10-

*Simmons* (and changing when a serve-out may or may not be authorized). Also, Appellants cite to post-*Simmons* cases that challenge the "continued validity of *Simmons*." Appellants argue *McClanahan*, *Graham*, and *Phon*, *supra*, imply that the Board "does not have unfettered authority to grant or deny parole." We agree that these cases do not give the Board unrestricted authority, but neither do these cases overturn *Simmons* nor create a deferment mandate for life sentences.

We find *Simmons* to still be the law of the Commonwealth. We agree with the circuit court that "the *Simmons* case has not been distinguished in any meaningful way, and thus the Board still retains the power to serve[-]out a parole-eligible life sentence. Unless *Simmons* is overruled, this Court is bound by its holding."

## CONCLUSION

For the foregoing reasons, we AFFIRM the Franklin Circuit Court.

ALL CONCUR.

---

https:// www.wkyt.com/2021/05/18/policy-change-could-allow-some-convicted-murderers-in-ky-to-get-new-chance-at-parole. Just a few months later, after a leadership change, the Board rescinded that directive. TOM KENNY, *Kentucky Parole Board Rescinds Policy Granting New Hearings To Inmates Sentenced To Life*, WTVQ (Jul. 1, 2021), https://www.wtvq.com/kentucky-parole-board-rescinds-policy-granting-new-hearings-to-inmates-sentenced-to-life.

BRIEFS FOR APPELLANTS:  BRIEF FOR APPELLEE:

Timothy G. Arnold    Angela T. Dunham
Andrea Reed      Amy V. Barker
Frankfort, Kentucky    Frankfort, Kentucky


BRIEF FOR *AMICUS CURIAE*
COMMONWEALTH OF KENTUCKY:

Daniel Cameron
Attorney General of Kentucky

Barry L. Dunn
Deputy Attorney General

Matthew F. Kuhn
Solicitor General

Brett R. Nolan
Principal Deputy Solicitor General

Jeffrey A. Cross
Deputy Solicitor General
Frankfort, Kentucky