RENDERED: JULY 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1430-MR

JAMES MARK DUNN                                                            APPELLANT

APPEAL FROM FRANKLIN CIRCUIT COURT
v.           HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 20-CI-00667

COMMONWEALTH OF KENTUCKY
AND KENTUCKY PAROLE BOARD                                      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, McNEILL, AND K. THOMPSON, JUDGES.

McNEILL, JUDGE: This appeal asks whether it is unconstitutional for the

Kentucky Parole Board (the Board) to give a "serve-out" to an inmate serving a

sentence of life imprisonment. The Franklin Circuit Court concluded the Board

could issue such serve-outs. We agree.

The core facts germane to the narrow issues presented in this appeal

are simple and seemingly uncontested. Appellant James Mark Dunn was

convicted in 1996 of murder and first-degree robbery, for which he was sentenced to life without the possibility of parole for twenty-five years for the murder and twenty years' imprisonment for the robbery. Roughly twenty-five years later, the Board reviewed Dunn's status, denied him parole, and instead issued him a serve-out. A *serve-out* is defined in the Board's administrative regulations as "a decision of the board that an inmate shall serve until the completion of his sentence." 501 Kentucky Administrative Regulations (KAR) 1:030 §1(10). In practical terms, the serve-out meant that Dunn would spend the remainder of his life in prison without any subsequent review by the Board.

Unsurprisingly dissatisfied, Dunn unsuccessfully sought reconsideration by the Board. Dunn then filed a petition for declaration of rights in the Franklin Circuit Court against the Board and the Commonwealth of Kentucky, arguing the serve-out violates the separation of powers doctrine and is an *ex post facto* constitutional violation. The circuit court granted the Commonwealth and Board's motion to dismiss. Dunn then filed this appeal.

Dunn again mainly raises those two constitutional arguments. First, he contends the serve-out decision "constituted an unconstitutional ex post facto law, inasmuch as it effectively changed the sentence on his original conviction for murder from '**Life without the benefit of parole for twenty-five (25) years**' to '**Life without the possibility of parole**.'" Appellant's brief, p. 13. Second, Dunn

contends the serve-out mandate violates the separation of powers provisions of our Kentucky Constitution because "a body within the Executive Department cannot change the sentence of a confined person that received that sentence from a [sic] Judicial Department." *Id.* at 16. Neither argument has merit.[1]

Our Supreme Court has set forth the following standards for judicial resolution of motions to dismiss:

> A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint. So a court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved . . . . Accordingly, the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true. This exacting standard of review eliminates any need by the trial court to make findings of fact; rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief? Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo.

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (internal quotation marks and footnotes omitted).

---

[1] We have considered all of Dunn's scattershot arguments. However, in the interests of judicial economy, we will not belabor this Opinion by discussing any arguments which we deem to be redundant, irrelevant, or otherwise without merit.

We begin with Dunn's *ex post facto* argument. "An ex post facto law . . . makes more onerous the punishment for crimes committed before its enactment." *Garland v. Commonwealth*, 997 S.W.2d 487, 489 (Ky. App. 1999) (internal quotation marks and citations omitted). Both our Kentucky Constitution (§19) and the United States Constitution (art. I, §9, cl. 3 and art. I, §10, cl. 1) prohibit *ex post facto* laws. Here, we are asked to determine that a ruling of the Board, not a law passed by the legislature, is an improper *ex post facto* decision.

The Latin term *ex post facto* means "[d]one or made after the fact; having retroactive force or effect." BLACK'S LAW DICTIONARY (11th ed. 2019). And *retroactivity* means "[t]he quality, state, or condition of having relation or reference to, or effect in, a prior time; specif., (of a statute, regulation, ruling, etc.) the quality of becoming effective at some time before the enactment, promulgation, imposition, or the like, and of having application to acts that occurred earlier." BLACK'S LAW DICTIONARY (11th ed. 2019).

So, the gist of something being *ex post facto* is that it is an act, such as a new law, which reaches backwards in time to impact something which already occurred. The most classic example of an *ex post facto* violation is enacting a new law which makes illegal already-performed conduct which was not illegal at the time it was performed.

So, what did the Board do to reach back in time and change Dunn's sentence?  Nothing.

In the law, the "appropriate inquiry" to determine whether an *ex post facto* problem exists is whether the change "results in increased punishment . . . ." *Martin v. Chandler*, 122 S.W.3d 540, 547 (Ky. 2003).  Dunn's punishment was not increased.  Dunn was sentenced to life imprisonment without the benefit of (meaning the possibility of) parole for twenty-five years.  He raises no argument that the sentence was illegal or otherwise unauthorized.  Moreover, the Board dutifully considered whether to grant him parole after he had served roughly twenty-five years.  That was *all* that was required.  His sentence was not changed.

First, parole is *always* a matter of grace, not a matter of right or entitlement.  *Garland*, 997 S.W.2d at 490 ("As we have stated previously, the appellant does not have a right to parole, and the Parole Board can never be required to release the appellant before the completion of his maximum sentence.") (citations omitted).  Thus, Kentucky Revised Statutes (KRS) 532.030(1), which authorizes a person convicted of a capital offense to be sentenced to "imprisonment for life without benefit of probation or parole until he has served a minimum of twenty-five (25) years of his sentence," is potentially misleading because the "benefit" is *only* consideration of parole by the Board after twenty-five years have passed; the usage of the term "benefit" in no way, shape, or manner

guarantees that parole will ever be granted. Second, Dunn cites to no statute, regulation, or precedent which required the Board to review his parole status a second or subsequent time. To the contrary, 501 KAR 1:030 §3(2)(b) explicitly permits, without limitations, the Board to "order a serve-out on a sentence."

And we have held that even applying a 2003 version of that administrative regulation (which expressly permitted the Board to issue a serve-out mandate) to an inmate who was sentenced in 1983 (when the regulation did not expressly permit the Board to issue a serve-out) was not an *ex post facto* violation because the serve-out was not an "enhancement of punishment" or an "elongation" of the inmate's sentence so "the retroactive application of this revised regulation does not create an unconstitutional *ex post facto* violation." *Simmons v. Commonwealth*, 232 S.W.3d 531, 534 (Ky. App. 2007). Instead, we held that the inmate's sentence "remained at a fixed term" so "[t]he imposition of a serve-out is not punishment. It is merely a ruling by the Parole Board which is within its sound discretion" because it did not make the inmate's sentence "more onerous for crimes committed before the revised regulation was issued." *Id.* at 534-35.

If making a prisoner subject to language in an administrative regulation which the regulation did not contain when the prisoner was sentenced is not an *ex post facto* violation, then it is beyond serious dispute that it is not an *ex post facto* violation to subject a prisoner to an administrative regulation which was

-6-

in full effect when the prisoner was sentenced – which is precisely what occurred here as it is uncontested that the Board had the express authority under 501 KAR 1:030 to order serve-outs at the time Dunn was sentenced. There was no reaching back in time by the Board.

Also, the Board did not lengthen Dunn's sentence. Both before and after the issuance of the serve-out, Dunn was sentenced to life imprisonment without the possibility of parole for twenty-five years. The Board reviewed Dunn's parole status after twenty-five years. That is all it was required to do. We understand that, as a practical matter, the serve-out dashed Dunn's hope of being granted parole.[2] However, his court-issued sentence – which contains the phrase "imprisonment for . . . life" – has never changed.

Our conclusion is not altered by the concurring opinion by former Justice Cunningham stressed by Dunn. In *Bartley v. Wright*, No. 2012-SC-000643-MR, 2013 WL 1188060 (Ky. Mar. 21, 2013), the Board gave a serve-out

---

[2] Of course, an inmate serving a life sentence who is given a serve-out can still be released via executive clemency. Also, our Supreme Court has noted (albeit in an unpublished case which we cite only to illustrate the principle) that an inmate sentenced to life imprisonment and given a serve-out can nonetheless receive medical parole under KRS 439.3405 and the Board's Policies and Procedures may permit the Chair of the Board to request reconsideration of any case. *See Wyatt v. Commonwealth*, No. 2018-SC-000223-MR, 2019 WL 2462785, at *4-5 (Ky. Jun. 13, 2019). Thus, though the odds of early release are remote, the Board's issuance of a serve-out to an inmate serving a life sentence does not inalterably and inevitably result in the inmate remaining incarcerated until death.

to Donald Bartley, an inmate sentenced to life imprisonment without the possibility of parole for twenty-five years. Bartley filed a petition seeking to enforce an alleged plea agreement which entitled him to parole. After admitting that the "exact nature" of Bartley's claims were "difficult to discern[,]" our Supreme Court held that he was not entitled to relief. *Id.* at *1-2. Justice Cunningham issued a short concurring opinion noting that eighty inmates "are serving life without parole by serve-outs on life sentences imposed upon them by nine non-elective members of the Parole Board . . . in spite of the fact that neither our courts nor our General Assembly have deemed these men ineligible for parole." *Id.* at *2. Though he did not believe the question was squarely presented in that case, Justice Cunningham stated that Kentucky's Supreme Court has "yet to determine if the executive branch, through the Parole Board, has the authority to impose life sentences without parole upon persons that our legislature and courts have deemed eligible for parole." *Id.*

The Board surprisingly does not address *Bartley* in its brief. Nonetheless, we conclude *Bartley* affords no relief to Dunn. First, *Bartley* is an unpublished opinion and thus generally lacks binding precedential weight. *See, e.g.*, *Kentucky Employers' Mutual Insurance v. Ellington*, 459 S.W.3d 876, 885 (Ky. 2015) (holding that an unpublished opinion "can have at most a persuasive effect and is not binding"). Second, Justice Cunningham's concurring opinion was

not joined by a majority of the Court (indeed, it was joined by no other justices).

Third, respectfully, Justice Cunningham's concurring opinion merely notes the

possible existence of an issue which our Supreme Court may eventually have to

address; the opinion does not conclusively conclude that the Board cannot give

serve-outs to inmates serving life sentences. In fact, we have concluded that the

Board did not improperly issue a serve-out to a prisoner serving a life sentence in

*Simmons*, 232 S.W.3d at 534-35,[3] and Justice Cunningham cites to no authorities

which cast doubt upon our conclusion.

We also discern no merit in Dunn's second main argument, that the

serve-out is a violation of the separation of powers doctrine. As we construe it,

Dunn argues that the Board (an executive branch entity) somehow overrode, or

changed, the sentence imposed by the judicial branch. We disagree.

First, we have already explained that the Board did not amend Dunn's

sentence. He was sentenced to life imprisonment without the possibility of parole

---

[3] Although not binding and sometimes factually distinguishable, we have issued at least five additional unpublished opinions (which we cite only for illustrative purposes) denying relief to inmates serving life sentences who received serve-outs from the Board. *Cosby v. Kentucky Parole Bd.*, No. 2004-CA-002240-MR, 2006 WL 574403 (Ky. App. Mar. 10, 2006) (rejecting *ex post facto* and separation of powers claims); *Reyes v. Coy*, No. 2003-CA-002682-MR, 2004 WL 2914912 (Ky. App. Dec. 17, 2004) (rejecting *ex post facto* claim); *Preston v. Coy*, No. 2003-CA-000459-MR, 2004 WL 1586844 (Ky. App. Jul. 16, 2004) (rejecting *ex post facto* claim); *Cavender v. Mudd*, No. 2008-CA-001988-MR, 2009 WL 2835173 (Ky. App. Sep. 4, 2009) (rejecting *ex post facto* and separation of powers claims); *Henderson v. Kentucky State Parole Bd.*, No. 2007-CA-001024-MR, 2008 WL 4182041 (Ky. App. Sep. 12, 2008) (rejecting *ex post facto* claim).

for twenty-five years by the judiciary. The Board did not amend that sentence; it honored it by reviewing whether Dunn should receive parole after he had served twenty-five years. The Board's decision wholly fails to invade the judiciary's exclusive power to impose sentences upon persons convicted of criminal offenses.

Second, under longstanding Kentucky precedent, the determination of whether an inmate should be paroled is a decision left wholly to the executive branch. *Commonwealth v. Cornelius*, 606 S.W.2d 172, 174 (Ky. App. 1980) ("It has been settled for many years that the decision as to whether a person serving a sentence of imprisonment should be paroled is an executive function, not a judicial one . . . ."). There is not a separation of powers violation when an executive branch entity makes a decision which is exclusively within its discretionary powers.

As former Chief Justice Palmore memorably wrote in a case involving parole (albeit with some degree of hyperbole, given the existence of shock probation and petitions for post-conviction relief):

> the fundamental fact [is] that when a person has been
> convicted of a crime and has begun to serve his sentence
> the function and authority of the trial court is finished.
> What then happens to the prisoner is entirely in the
> bailiwick of the executive branch of government, and is
> no business of the courts, including the trial court.

*Peck v. Conder*, 540 S.W.2d 10, 12 (Ky. 1976). In short, the Board's discretionary parole determinations, such as issuing a serve-out, plainly do not violate the

separation of powers doctrine. *Simmons*, 232 S.W.3d at 535 (citations omitted) ("It is well-recognized in Kentucky that the power to grant parole is purely an executive function. Thus, as we have previously held, the Parole Board was within the bounds of its discretionary powers in denying parole to Simmons's [sic] and ordering him to serve out the remainder of his sentence. We cannot say the Parole Board exceeded its authority. Further, we cannot hold the Parole Board invaded the functions reserved for the judicial or legislative branches of government.").[4]

Finally, we also reject Dunn's arguments that the serve-out violates his liberty or due process interests. Dunn was given parole consideration by the Board, which dutifully informed him of its rationale for denying parole. The Board's process and decision conform to established procedures and policies, so Dunn's due process rights were not violated. *See, e.g.*, *Belcher v. Kentucky Parole Bd.*, 917 S.W.2d 584, 587-88 (Ky. App. 1996). Moreover, Kentucky prisoners do not possess a "legitimate claim of entitlement" to parole and thus lack a legally cognizable liberty interest therein. *Id.* at 587. Indeed, our Supreme Court has held

---

[4] We also decline to find that the Board, as constituted when it issued a serve-out to Dunn, improperly bound its future members by issuing a serve-out. The Board is expressly authorized to give serve-outs by 501 KAR 1:030 §3(2)(b). Because Dunn has not shown that regulation to be legally infirm, nor has the General Assembly enacted legislation to eliminate or regulate the issuance of serve-outs to inmates serving life sentences, there was no legal barrier to the issuance of the serve-out to Dunn. In other words, since an executive branch entity took a discretionary action which it was expressly authorized to take, the judicial branch's analysis must cease lest we ourselves violate the separation of powers doctrine.

-11-

that the denial of parole "has no constitutional implications." *Land v. Commonwealth*, 986 S.W.2d 440, 442 (Ky. 1999).

In summary, Dunn has shown no legally recognized defects in the Board's decision. Accordingly, Dunn failed to present a claim upon which judicial relief may be granted, even under the stringent standards involved in addressing a motion to dismiss. "[T]he decision to grant or deny parole is entirely discretionary with the Board. Parole is a privilege and its denial has no constitutional implication." *Stewart v. Commonwealth*, 153 S.W.3d 789, 793 (Ky. 2005) (citations omitted). We consequently affirm the Franklin Circuit Court's dismissal of Dunn's petition.

For the foregoing reasons, the Franklin Circuit Court is affirmed.

DIXON, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

James Mark Dunn, *pro se*
Beattyville, Kentucky

BRIEF FOR APPELLEES:

Kristin Wehking
Frankfort, Kentucky